908 F.2d 975
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Willie BYRD, Jr., Petitioner-Appellant,
v.
Kenneth McGINNIS**, Director of the Illinois
Department of Corrections, and Attorney General of
the State of Illinois, Respondents-Appellees.
 No. 89-1716.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 28, 1990.*
Decided July 10, 1990.
 
 Before RICHARD A. POSNER, DANIEL A. MANION and MICHAEL S. KANNE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner-Appellant, Willie Byrd, Jr., appeals from the district court's denial of his petition for writ of habeas corpus. We affirm.
 
 I.
 
 2
 On August 8, 1984, Byrd was convicted after a bench trial in the Circuit Court of Jackson County, Illinois of armed robbery. Byrd raised four issues before the Appellate Court of Illinois: voluntariness of his confession, sufficiency of the evidence, error in the admission of the hearsay testimony, and disproportionate sentencing. On January 10, 1986, the Appellate Court affirmed the conviction; however, the case was remanded for a new sentencing hearing. On July 2, 1986, Byrd filed a late petition for leave to appeal in the Supreme Court of Illinois. The motion was denied on September 24, 1986. Byrd, thereafter, filed his petition for writ of habeas corpus in the district court. The parties consented to final entry of judgment by the magistrate pursuant to 28 U.S.C. Sec. 636(c). The magistrate denied the writ, and Byrd filed this appeal.
 
 II.
 
 3
 In denying the petition, the district court determined that petitioner had waived his right to habeas relief in this case because of his failure to timely seek leave to appeal in the Supreme Court of Illinois, relying on the case of Nutall v. Greer, 764 F.2d 462 (7th Cir.1985). Although the magistrate alternatively addressed the merits of the habeas petition, the principal basis of his decision was procedural default.
 
 
 4
 In Buelow v. Dickey, 847 F.2d 420 (7th Cir.1988), this court reaffirmed that the failure to petition the state supreme court for review is a procedural default which will bar a petition for writ of habeas corpus unless "the petitioner can demonstrate both cause for their noncompliance with the state procedural rule and actual prejudice resulting from the default." Id. at 425. The petitioner did not argue cause and prejudice, below and that omission is repeated in this court. The failure to address either cause or prejudice, by necessity, dictates that petitioner has not demonstrated either; thus, the petition must be dismissed before the merits of the claims can be reached.[1] Buelow, 847 F.2d at 425 (citing Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 2650, 91 L.Ed.2d 397 (1986); Smith v. Murray, 477 U.S. 527, 106 S.Ct. 2661, 2666, 91 L.Ed.2d 434 (1986)). The district court properly determined that Byrd's failure to timely seek leave to appeal at the Illinois Supreme Court was a procedural default that precludes federal habeas corpus review in this instance; therefore, its decision is
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 **
 Pursuant to Rule 43(c)(1) of the Federal Rules of Appellate Procedure, Kenneth McGinnis has been substituted for Michael Lane insofar as the suit is against Lane in his official capacity
 
 
 [1]
 Although we note that the district court properly determined that the petition is barred because of petitioner's procedural default, we express our concern over the performance of appointed counsel in this case. In his brief on appeal, petitioner's counsel did not address cause and prejudice, despite the district court's determination that the petition was barred by procedural default. Rather, petitioner's counsel only addressed the merits of the claims in his initial brief. In addition, he failed to file a reply brief, after the state argued procedural default as a basis for affirming the district court's decision
 Counsel has waived the cause and prejudice argument on appeal, thereby precluding consideration of the petition on its merits. His failure to advance any cause and prejudice argument has limited our review to the threshold issue, procedural default. Given the purpose of appointing counsel under the Criminal Justice Act, we reiterate that zealous and competent representation requires that in cases such as this counsel address procedural issues, which if left unchallenged, preclude consideration of the claims on their merits.